**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 96-50007
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellant,
Cross-Appellee,

versus

YECHIEL BART,

Defendant-Appellee,
Cross-Appellant,

ARTHUR STEWART,

Defendant-Appellee.

Appeal from the United States District Court
For the Western District of Texas
(SA-94-CR-244)

May 29, 1997

Before JOLLY, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

The United States appeals the sentence of two men convicted of money laundering and underlying fraud offenses; defendant Yechiel Bart cross appeals his sentence for sufficiency of the evidence. Because the district court misapplied the sentencing guidelines, we

[*] Pursuant to Local Rule 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

vacate and remand for resentencing. Finding sufficient evidence of guilt in the record, we affirm Bart's conviction.

A jury convicted Yechiel Bart and Arthur Stewart of mail fraud, in violation of 18 U.S.C. § 1341; wire fraud, in violation of 18 U.S.C. § 1343; interstate transportation of property taken by fraud, in violation of 18 U.S.C. § 2314; and of engaging in monetary transactions in property derived from specified unlawful activity (money laundering), in violation of 18 U.S.C. § 1957. Because these offenses are closely related, the United States Sentencing Guidelines groups them together for purposes of sentencing and provides that the greatest base offense level for any of the grouped offenses should be used for sentencing. In this case the base offense level for money laundering, U.S.S.G. § 2S1.2, was the greatest, with a base offense level of 17. However, the district court held that the sentencing guideline for money laundering overstated the seriousness of the offense in this case. The court described the case as "atypical" of money laundering cases, but did not indicate how the financial transactions involved were any different from the conduct Congress targeted with the broad language of section 1957 or U.S.S.G. § 2S1.2.

The court then decided that the underlying conduct was more akin to fraud involving the deprivation of the intangible right to the honest services of appointed officials and fraud involving the interference of governmental functions, even though the defendants were neither indicted nor convicted under that statute. The judge

computed Bart's and Stewart's sentences using the guideline for fraud involving deprivation of right to honest services under U.S.S.G. § 2C1.7, with a base offense level of 10 and issued a sentence less than half of the minimum sentencing range under the money laundering guideline.

Although the district court at different points characterized the decreased sentence as a downward departure, we find that its computation of the sentences using U.S.S.G. § 2C1.7 was a misapplication of the Guidelines as a matter of law, not a downward departure from a sentence properly computed under U.S.S.G. § 2S1.2. Therefore, we review the sentences *de novo*. *Koon v. United States*, ___ U.S. ___, ___, 116 S. Ct. 2035, 2046-48, 135 L. Ed. 2d (1996). Because the district court committed an error of law in computing the sentences using the wrong guideline, we vacate and remand the case for resentencing as to both defendants consistent with U.S.S.G. § 2S1.2.

On remand, district court has broad discretion to depart downward from a properly computed sentence if it finds that the case is atypical or outside the "heartland" of circumstances foreseen by the relevant guideline. *Koon*, 116 S. Ct. at 2046. However, it must consider only valid departure factors under the Guidelines, spell these factors out, and explain why it believes that these factors make the individual case exceptional. *Id*. at 2045-46; *see also* U.S.S.G. § 5K2.0 (sentencing court may depart if

it finds "that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission . . . ."). On remand, if the district court decides that the case is atypical of money laundering, it should reconsider the vague factors it cited to justify departure, in light of the Guidelines, the Supreme Court's opinion in *Koon*, and this opinion.

As to Bart's challenge for sufficiency of the evidence, we review the record to determine, whether, after viewing the evidence and all inferences that may reasonably be drawn from it in the light most favorable to the prosecution, any reasonable-minded jury could have found that the defendant was guilty beyond a reasonable doubt." *United States v. Krenning*, 93 F.3d 1257, 1262 (5th Cir. 1996). After carefully reviewing the record, we determine that a reasonable jury could have found that Bart planned and fully anticipated the mail fraud, interstate transportation of fraud proceeds, and money laundering that arose from his conduct.

Therefore we AFFIRM Bart's conviction, VACATE the sentences of Bart and Stewart, and REMAND for resentencing consistent with the convictions and the Sentencing Guidelines.